UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN AIKEN, JR.,

    Plaintiff,

v.                                                       Case No. 3:15cv122/MCR/CJK

HOWARD W. MELTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (doc. 1). The complaint was not accompanied by the filing fee or a properly completed motion to proceed *in forma pauperis*.[1] Upon review of the complaint and plaintiff's litigation history, the court concludes this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

---

[1] The complaint was accompanied by an "Application for Criminal Indigent Status" used by state courts in Florida. (Doc. 2).

> state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous. *See Aiken v. Tringali, et al.*, No. 3:06cv37-J-12TEM, 2006 WL 208768 (M.D. Fla. Jan. 26, 2006) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Respondent(s) M.D. Medical, et al.*, No. 3:07cv502-J-33TEM (M.D. Fla. June 13, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Mr. Davis, et al.*, No. 3:07cv558-J-12HTS, 2007 WL 2002479 (M.D. Fla. July 5, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate

number, DC# 638376.[2]

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff's complaint does not assert that he is under imminent danger of serious physical injury. The "Statement of Facts" portion of his complaint merely quotes a prison regulation concerning "medical consultations by non-department providers." *See* FLA. ADMIN. CODE r. 33-401.601; (Doc. 1, p. 8-9). Nothing in plaintiff's complaint suggests he qualifies for the "imminent danger" exception of § 1915(g). Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned has recommended the dismissal of multiple complaints filed by plaintiff due to plaintiff's inability to proceed *in forma pauperis* or meet the "imminent danger" exception of 28 U.S.C. § 1915(g). *See Aiken v. Lofton*, Case No. 3:14cv306/MCR/CJK; *Aiken v. Seltzer, et al.*, 3:13cv562/MCR/CJK.

Case No. 3:15cv122/MCR/CJK

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).